UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRESSIA D. WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-02401-AGF |
| | ) |
| ANDREW SAUL, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Tressia D. Wallace was not disabled, and thus not entitled to supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. For the reasons set forth below, the decision of the Commissioner will be affirmed.

## BACKGROUND

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Facts (ECF No. 18), which the Commissioner does not dispute (ECF No. 21-1). This statement provides a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

On March 31, 2016 Plaintiff, born December 29, 1975, filed an application for Supplemental Security Income (SSI). She initially alleged her disability began July 3, 2009 but later amended the alleged onset date to April 14, 2016. Plaintiff claimed

disability due to back pain, knee pain, neck and shoulder pain, ankle and foot pain, anxiety, depression, diabetes, complex regional pain syndrome ("CRPS") of the right foot, high blood pressure, fractured transverse processes, and bulging discs.  On February 27, 2017, Plaintiff's applications were denied at the administrative level.  She then requested a hearing before an Administrative Law Judge ("ALJ").

The hearing was held on held on August 29, 2018.  Both Plaintiff, who was represented by counsel, and an impartial Vocational Expert ("VE"), Deborah Determan, appeared and testified.

On December 14, 2018, the ALJ issued a decision denying benefits.  In the decision, the ALJ found that Plaintiff has severe impairments, but these impairments do not meet the severity of one of the impairments listed in 20 C.F.R. §§ 404.1520.  The ALJ further found that Plaintiff retains the residual functional capacity ("RFC") to perform "sedentary work" as defined by the Commission's regulations, except she may only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, she may never climb ladders, ropes or scaffolds, she should avoid exposure to extreme cold and heat, wetness, humidity, and excessive vibration, and she should avoid exposure to operational control of moving machinery, unprotected heights, and hazardous machinery.  The ALJ found "her work is limited to simple, routine and repetitive tasks" and she should have "no interaction with the public" and "only occasional interaction with co-workers and supervisors."

The ALJ next found that Plaintiff could perform certain jobs including document preparer, addresser, and ampoule sealer based on the testimony of the VE.  Accordingly,

2

the ALJ found the Plaintiff is not disabled as defined by the Social Security Act.  Plaintiff filed a timely request for review by the Appeals Council of the Social Security Administration.  On June 19, 2019 the Appeals Council denied the request for review.  Plaintiff has exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues the ALJ failed to properly evaluate the opinion evidence of Plaintiff's treating psychiatrist, Harmeeta Singh, M.D.  Additionally, Plaintiff contends the ALJ's evaluation of the RFC is unsupported by the evidence.

**ALJ's Decision Under Review (Tr. 99-121)**

The ALJ found that Plaintiff had the following severe impairments: major depression; generalized anxiety disorder; panic disorder; insomnia due to mental disorder; cannabis abuse; degenerative disk disease; and chronic obstructive pulmonary disease ("COPD").  However, none of these impairments, individually or in combination, reached the severity of the impairments listed in the Commissioner's regulations.  The ALJ found Plaintiff showed no evidence of such an impairment.

The ALJ determined Plaintiff had moderate limitations in understanding, remembering, or applying information, interacting with others and concentrating, persisting or maintaining pace and mild limitations in adapting or managing oneself.  In determining that Plaintiff has moderate limitations, the ALJ considered a consultative examiner's testimony, evidence that Plaintiff took care of a dog, and Plaintiff's testimony that she follows instructions well.  The RFC finding accommodates this limitation by restricting claimant to simple, routine, and repetitive tasks.

3

In determining Plaintiff has moderate limitations in interacting with others, the ALJ considered Plaintiff's relationships with her friends, boyfriend, and mother, her routine including shopping in stores and going to a casino regularly, and records from her treating physician indicating that Plaintiff is cooperative and makes eye contact. The RFC finding accommodates this limitation by restricting the Plaintiff to no interaction with the public and occasional interaction with co-workers and supervisors.

The ALJ determined Plaintiff has moderate limitations with regard to concentrating, persisting, or maintaining pace. He considered Plaintiff's testimony that she does not always finish things but is capable of driving and running errands on her own, preparing her own meals, handling bills, and playing computer games, and has no problem paying attention. The RFC accommodates these limitations by restricting Plaintiff to simple, routine and repetitive tasks.

The ALJ found the Plaintiff has mild limitations in adapting or managing oneself. He based this determination on Plaintiff's testimony that she takes care of herself, does laundry, and cleans her home, and her treating physician's records indicating that Plaintiff is fairly groomed.

The ALJ considered the Plaintiff's treatment records with her treating psychiatrist, Dr. Singh, and noted Plaintiff did not begin seeking treatment with Dr. Singh until May of 2017, more than a year after the alleged onset of disability, and that Plaintiff reported no previous history of psychiatric problems at that time. The ALJ further found that after psychiatric treatment began, on May 12, 2017, Plaintiff repeatedly described her medication as effective. The ALJ also considered the medical records of Plaintiff's

4

treating physician for pain management, Gurpreet Padda, M.D., who gave Plaintiff a series of nerve injection treatments.  In these records, Plaintiff repeatedly described the treatment as almost completely resolving her symptoms.  The ALJ also considered Plaintiff's MRI which showed a number of spinal anomalies.  The ALJ noted the Plaintiff does not use an assistive device to walk, does not attend physical therapy, does not use a back brace or TENS unit, and no physician recommended back surgery.  He concluded that Plaintiff's COPD and lumbar spine degenerative disk disease can be accommodated by the RFC.

The ALJ further found Plaintiff has non-severe impairments including obesity, diabetes, mild spondylosis in cervical spine, and mild degenerative changes in the right ankle.  The ALJ found these conditions will not cause significant limits in the Plaintiff's ability to perform basic work activities.

The ALJ gave little weight to the February 24, 2017 opinion of non-examining medical consultant James Morgan, Ph.D., who opined that Plaintiff lacked a severe mental impairment.  The ALJ found this went against the weight of the record and due to the timing of his opinion—which was issued before Plaintiff began seeking mental health treatment—Dr. Morgan did not have the opportunity to review most of the evidence of record or interview the Plaintiff in person before forming his opinion.

The ALJ gave some weight to the February, 27, 2017 opinion of Nancy Ceaser, M.D. of Disability Determination Services, who opined that Plaintiff could perform a less than full range of work at the light exertional level.  Due to the timing of her opinion, Dr. Ceaser could not review most of the medical evidence of record, including long-term

5

injection treatment that indicated Plaintiff is more limited than Dr. Ceaser opined. However, the ALJ noted that Dr. Ceaser is a medical expert familiar with Social Security law.

The ALJ gave little weight to the July 18, 2018 opinion of psychiatrist Adam Sky, M.D., who conducted an independent medical examination of Plaintiff in connection with her workers compensation claim.  The ALJ concluded that Dr. Sky's opinion merits little weight because his opinion is inconsistent with the medical evidence of record, and his own findings on examination. Dr. Sky opined that Plaintiff would have difficulty performing duties that require persistence, accuracy, or pace.  Dr. Sky noted Plaintiff had "poor concentration" and would have difficulty adjusting "to both simple as well as more complex change in a work environment" and may not be able "to follow protocol and utilize safety precautions in a work environment."  The ALJ found this to be inconsistent with Dr. Sky's finding that Plaintiff's "attention and concentration were adequate" and her "memory and recall of personal and current information was normative."  The ALJ also noted that, although Dr. Sky stated that Plaintiff used a cane and had a significant limp, the record contained no indication that Plaintiff needs a cane and, to the contrary, a consultative examiner described Plaintiff's gait as normal.

Finally, the ALJ found Dr. Singh's August 27, 2018 opinion merits little weight because the medical evidence of record does not support her opinion.  Dr. Singh opined that Plaintiff would be absent from work more than four days per month due to her impairments and that Plaintiff had "no useful ability to function" in terms of her ability to perform at a consistent pace without an unreasonable number of breaks.  The ALJ found

6

this conflicted with evidence of the Plaintiff repeatedly describing her medication as effective, the fact that Plaintiff is not in any additional psychotherapy or counseling, and the fact that Plaintiff does not require electroconvulsive therapy ("ECT") or inpatient psychiatric treatment.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

7

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months.  42 U.S.C. § 423(d)(1)(A).  The Commissioner has promulgated regulations, found at 20 C.F.R. §§ 404.1520 and 415.920, establishing a five-step sequential evaluation process to determine disability.  The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity.  If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments.  A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  A special technique is used to determine the severity of mental disorders.  This technique calls for rating the claimant's degree of limitations in four areas of functioning: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  20 C.F.R. § 404.1520a(c)(3).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations.  If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work.  If the claimant cannot perform his past relevant work, the burden of production shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform other work

that exists in significant numbers in the national economy and that is consistent with the claimant's vocational factors. *See, e.g.*, *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). "However, the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted).

**Weight of Medical Opinions**

Under the applicable social security regulations,[1] the opinion of a treating physician is "normally entitled to great weight." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citation omitted). However, "[i]f the treating physician's opinion is internally inconsistent or conflicts with substantial evidence contained within the medical record as a whole, the ALJ may afford it less weight." *Pemberton v. Saul*, 953 F.3d 514, 517 (8th Cir. 2020)

Plaintiff claims the ALJ overlooked numerous points in the record in weighing Dr. Singh's testimony. Plaintiff points out that the same treatment notes the ALJ relies on to show Plaintiff's medication is effective also report extreme symptoms. She further argues there is no requirement that patients be treated with ECT or inpatient hospitalization to prove disability, but the ALJ cites both as evidence weighing against a

---

[1] For claims filed on or after March 27, 2017, the regulations have been amended to eliminate the treating physician rule. The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources," but rather, the Administration will consider all medical opinions according to several enumerated factors, the "most important" being supportability and consistency. 20 C.F.R. § 404.1520c.

9

finding that Plaintiff is disabled. Next, Plaintiff argues Dr. Singh's opinion is not inconsistent with the medical evidence of record because it is consistent with Dr. Sky's independent medical evaluation and her own treatment notes.  Finally, Plaintiff argues that the ALJ erred in finding that Plaintiff is not in counseling despite Dr. Singh providing counseling.

      The ALJ did not entirely disregard the opinion of Dr. Singh.  Rather, he accounted for some of Dr. Singh's findings as to Plaintiff's limitations in social functioning and in concentration, persistence, and pace, by including several related limitations in the RFC. These included limitations to simple, routine, and repetitive tasks; no interaction with the public, and only occasional interaction with co-workers and supervisors.  *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (holding that a limitation to "simple, routine, repetitive" tasks adequately captures moderate difficulties in concentration, persistence, or pace).

      To the extent the ALJ discounted the more extreme limitations set forth in Dr. Singh's opinion, the ALJ's decision is supported by substantial evidence.  The ALJ gave good reasons for discounting the opinion as inconsistent with the overall record, including Plaintiff's lack of any mental health treatment for more than a year after the alleged disability onset date, Plaintiff's treatment records and relatively conservative treatment, Plaintiff's description of her medication as effective, Plaintiff's self-reported activities, and Plaintiff's ability to get along well with friends, family, and authority figures like bosses.  *See, e.g., Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (affirming ALJ's decision giving little weight to expert opinion that claimant would have

10

difficulty maintaining social functioning, where claimant said she related well with people and former co-workers described her as personable); *Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (conservative treatment plan undermines subjective complaints of symptoms); *Andrews v. Colvin*, 791 F.3d 923, 928–29 (8th Cir. 2015) (holding that the ALJ properly gave little weight to a treating physician's opinion that was inconsistent with treatment notes indicating that the claimant's pain was adequately controlled with medication); *Thomas*, 881 F.3d at 676 ("[S]elf-reported activities of daily living provided additional reasons for the ALJ to discredit [the treating physician's] pessimistic views of [the claimant's] abilities," including the claimant's "caring for her young son . . . ."). As to the ALJ's reference to Plaintiff's lack of counseling, the Commissioner correctly notes that Dr. Singh recommended Plaintiff seek *additional* counseling or group therapy, which the Plaintiff did not do. *See* Tr. 1359-71. The ALJ was responsible for weighing the conflicting evidence, and the Court cannot say that the ALJ's decision fell outside the available "zone of choice."

**RFC Findings**

Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* In addition, "medical records, physician observation, and the claimant's subjective statements about [her] capabilities may be used to support the RFC." *Pemberton*, 953 F.3d at 517. Here, the Court concludes that the ALJ's RFC determination is supported by

11

sufficient medical evidence.

The ALJ properly considered the Plaintiff's complaints of psychogenic pain in crafting the RFC.  An ALJ may not discount a claimant's allegations of disabling pain solely because the objective medical evidence does not fully support them.  See *O'Donnell v. Barnhart*, 318 F.3d 811, 816 (8th Cir. 2003).  "In evaluating a claimant's allegations, in addition to the objective medical evidence, an ALJ must consider a claimant's prior work history; daily activities; duration, frequency and intensity of the pain; dosage, effectiveness and side effects of medications; precipitating and aggravating factors; and functional restrictions." *Bowman* at 1083 (internal quotation emitted).

The ALJ's determination was based on a number of factors, including the objective medical evidence, Plaintiff's daily activities, the duration, frequency and intensity of her pain, the dosage, effectiveness and side effects of medications, and her functional restrictions.  The ALJ did not ignore evidence that Plaintiff suffers from psychogenic pain.  He accounted for the pain by limiting Plaintiff to sedentary work with additional restrictions.  Furthermore, the ALJ found Plaintiff's complaints of pain were undermined by other evidence including the mild findings from the MRI scans, normal physical examination findings, and conservative treatment of physical conditions.

The ALJ's decision to limit Plaintiff to "simple, routine and repetitive tasks" (Tr. 107) captures Plaintiff's moderate limitations in concentration, persistence and pace. *See Howard*, 255 F.3d at 582.  A moderate limitation in one of these areas "has neither a presumptively non-severe impairment nor a presumptively disabling impairment." *See Pratt v. Sullivan*, 956 F.2d 830, 835 at n. 11 (8th Cir. 1992).  The ALJ based his finding

12

that Plaintiff could still complete simple, routine and repetitive tasks on the record as a whole.

Plaintiff also contends that the ALJ failed to consider the VE's testimony in response to a hypothetical question that a person who consistently misses work, was off task 15% of the workday or more cannot maintain competitive employment. But the ALJ was free to disregard this testimony because he did not find Plaintiff had such a restriction. The ALJ's finding is supported by substantial evidence.

When it is possible to draw different conclusions from the evidence and one represents the Commissioner's findings, this Court must affirm the decision. *Chaney*, 812 F.3d at 676. Although the record could also support a different conclusion here, the Court cannot say that the ALJ's decision was outside the zone of choice. The ALJ's decision reflects that he considered the whole record, and his RFC determination is supported by substantial evidence therein.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 30th day of November, 2020.